Your Honor, this case concerns fundamental fairness. It's a question of procedural due process, which the court has jurisdiction to consider. And the question is, was it fair for an immigration judge to advise Mr. Rojas not to answer any questions about an arrest and then deny a benefit based on that arrest? Was it fair to... Well, just a second. I thought it was his counsel who didn't want him to testify because the criminal proceedings were live. That's correct, Your Honor. The counsel invoked the Fifth Amendment rights, and then the immigration judge made a very specific point to go on the record and say... Well, I think he was just doing... The judge could have just left it at that. He wouldn't step further. He said that Mr. Pope might actually be committing malpractice by having Mr. Rojas answer questions about an arrest. Let me ask you this. Does it matter at all, wasn't this all admitted and on the record about the arrest and the facts of it? Weren't the facts? Put it aside, the legal proceedings, the arrest, et cetera, weren't the facts of what happened pretty clear? I don't understand. And talked about, and they were in the record anyway? I don't understand. The facts of the arrest or what led to the arrest? No, no, no, no. I'm not talking what led to the arrest. The relationship with the girl, et cetera, et cetera. He said he was 30 years old when he impregnated a 14-year-old girl. Those facts, weren't they before the judge? They were in the form of a birth certificate of the couple's child. Which he said was correct as a birth certificate. He was the father of the child. There's no question about that. There's no question about that, Your Honor. Where's the prejudice? The prejudice is in an arrest before a criminal act. Who cares about an arrest before a criminal act? Who cares about the admonishment or not by the IJ if the petitioner himself admits I'm the father of a child of a woman who I impregnated before she was 18 years of age? Case closed. Next. The other prejudice, the main part of the biggest problem that we had with the case was when the government came in with a police report on the day of the hearing, which had nothing but prejudicial value. It's gilding the looney. The fact is admitted. He had sexual relationships with a woman under the age of 17 and boasted about it as being the father of the child. That's sufficient to show that he committed a disqualifying crime. But he was never convicted of any crimes. He admitted it. It's irrelevant to the point. It's irrelevant for the IJ to consider the admission of a felony? It's irrelevant from the perspective of the law. It can only be considered if it's a conviction? It's irrelevant to the point of its – for the consideration of voluntary departure. You don't even have to show good moral character. It's barely a discretionary decision. It's a benefit to both the immigrant and to the department. It's supposed to be granted as a matter of course. Excuse me. Barely a discretionary decision? I thought it was a discretionary decision. And he can say – he can look at the facts and say this person has committed criminal acts. He was a substantially older man who had sex with a minor, fathered a child. He's a bad person. We don't want him. So we don't want him coming back. So I won't grant him voluntary departure. I don't understand why that's not a discretionary decision. I don't understand what, quote, barely discretionary is. In a number of the different provisions for immigration benefits, Your Honor, there are provisions for the immigration judge shall decide in an exercise of the attorney general discretion whether the immigrant deserves X, Y, or Z. That language isn't in voluntary departure under Preconclusion, under Section B.A., that first voluntary departure. It's the immigration judge may permit an alien to depart. And that's basically it. May permit an alien to depart. Correct. What are we testing? What are we testing here, whether there's due process, right? Procedural due process, Your Honor. Due process. Suppose that it had never been mentioned that it was a crime what he committed. That is, there was just – you had the facts that there was a person over 30 years old that had sex with a 14-year-old girl and impregnated her. Those facts. Would the IJA be within its discretion, within his or her discretion, by saying, We don't want this person here. If this is the type of thing we don't want to have happen, and we're not going to grant any benefits, would that stand up as sufficient under due process? Does it have to be a crime, or is the fact alone sufficient for the IJA to say, No, we don't want this person here? I have a problem, Your Honor, with describing as a fact a crime that has never been found by a court. Suppose it's not a crime. Suppose they don't even care about a crime. If it was just a man over 30 having sex with a 14-year-old and impregnating her that the IJA couldn't say, This isn't the type of person we want as a citizen of the United States. I'm not going to exercise my discretion. Well, that brings in a lot of questions of cultural values and the values of an immigration judge. Not cultural values, just the plain man and woman. A man over 30 takes advantage of a 14-year-old girl and impregnates her. Would that be sufficient for the IJA to say, Under my discretion – I'm not granting discretion. We don't want this type of person here. Having nothing to do with whether or not where he comes from or anything else is just the issue. Would that be? And, Your Honor is correct that the immigration judges have more discretion to hear and to consider evidence, more evidence, than any other practically  No evidence. No evidence proves at all. But the alien, Mr. Rojas, still had a due process right to question that evidence, to, for example, to insist that he be able to cross-examine the police officer who went and interviewed. But he admitted it. I mean, he pleaded guilty and he wants to cross-examine? Come on. The right still exists, Your Honor. To say so. Do you have a case that says that? I have the law that says that. Which law was that, Mr. Weisinger? Section 240A of the Immigration Act, which permits an alien a reasonable opportunity to cross-examine evidence of the government. Does he have a reasonable opportunity to cross-examine his own evidence? He wants to cross-examine himself as to why he admitted paternity in this case? Come on. Do you have anything else to add? To that? To anything. Yes, Your Honor. There still has not been a conviction of a crime here, because if Mr. Rojas was such an evil guy, then by ICE picking him up and deporting him without letting the trial take place, then ICE denied the victim and the people of California their right to justice. So if he was such a bad guy, why did they deport him in the first place? Why didn't they just let him get convicted? Thank you. I'll reserve the rest of my time for any rebuttal. Don't feel you have to take up all your time. I'm sorry? Don't feel you have to take up all your time. Okay. I'd just like to point out a few things, Your Honors. May it please the Court, Andrea Chivas on behalf of the Attorney General. Just going to a couple points mentioned by Petitioner's Counsel. First of all, there are factors that the immigration judge can consider in an alien's application for discretionary relief. One of them is any other evidence of an alien's bad character. And that is from the Prado case from this circuit. Also, not only does the birth certificate show that the girlfriend or mother of his child was 17, he admitted it plus the police report. Furthermore, there is no Fifth Amendment privilege in immigration proceedings, so the immigration judge can have a negative inference, can infer negatively. You gave him a very confusing instruction. If you testify, it wasn't – if you don't testify, the suggestion can be made that you're guilty. He said if you do testify, the suggestion can be made that you're guilty. That was totally confusing. Oh, well, the Fifth Amendment applies in criminal proceedings, but this is immigration proceedings. This is civil proceedings. So they don't apply. And the immigration judge could draw a negative inference by the fact that he didn't We're talking on different rails. Oh, I'm sorry. Go ahead. Can I address a question then, Your Honor? That's all right. Don't worry about it. So just wanted to point those out, if there's any other questions from this Court. Thank you, Your Honors. Not much to rebut, Mr. Weisinger. All respect to the waiver bill. All right. The case of Rojas v. Holder will be submitted.
judges: Restani, Wallace, Bea